UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GRACIELA ARELLANO HERRERA,<br><br>　　　　　　　　　　Defendant. | Case No.:  15cr2942-CAB; 20cv1422-CAB<br><br>**ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE [Doc. No. 34] AND DENYING CERTIFICATE OF APPEALABILITY** |

　　　　On July 23, 2020, Petitioner/Defendant Graciela Arellano Herrera filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (hereinafter the "2255 motion"). [Doc. No. 34.] On August 25, 2020, Respondent/Plaintiff United States of America filed an opposition. [Doc. No. 38.] On November 2, 2020, Petitioner filed a traverse. [Doc. No. 44.] For the reasons set forth below, the 2255 motion is DISMISSED.

BACKGROUND

　　　　On November 24, 2015, an Information was filed in the Southern District of California charging Defendant/Petitioner Graciela Arellano Herrera ("Defendant") with importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. On December 8, 2015, pursuant to a plea agreement, Defendant entered a guilty plea to the Information.

[Doc. No. 38-1 at 9-10; Doc. No. 38-2 at 2.] Defendant was advised that it was a virtual certainty that she would be removed as a result of the guilty plea. [Doc. No. 38-1 at 5.] Defendant stated that she was satisfied with her former counsel, Stephen Hoffman. [*Id*. at 8.] Defendant provided a factual basis admitting to knowingly and intentionally importing a federally controlled substance. [*Id*. at 8-9.] The Court scheduled a sentencing hearing and ordered a Presentence Report ("PSR"). [*Id*. at 9-10.]

On February 5, 2016, the Probation Officer prepared the PSR. [Doc. No. 23.] The PSR included Defendant's statement of the offense. [Doc. No. 23 at 4.] Defendant's statement did not reference any duress claim that Defendant is raising now. [*Id*.] On February 24, 2016, Defendant's former counsel provided to the United States Defendant's signed statement of the offense. [Doc. No. 38-3 at 2-4.] Defendant's statement did not reference the duress story Defendant is raising now. On March 11, 2016, the Court held a sentencing hearing. [Doc. No. 28.] The Court departed from the low end of the guidelines and imposed a sentencing of 48 months. [*Id*.; Doc. No. 38-4.]

LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct a sentence by demonstrating (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without justification to impose such a sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

Section 2255(f) imposes a one-year statute of limitation for all motions brought under that statute. That section provides "[t]he limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

2

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f).

## DISCUSSION

The government argues Petitioner's motion is barred by the statute of limitations because a timely petition under 28 U.S.C. §2255(f)(1) could not have been filed later than March 28, 2017 – one year after Petitioner's conviction became final. *See United States v. Schwartz*, 274 F.3d 1220, 1223, n. 1 (9th Cir. 2001)(a judgment becomes final upon expiration of the appeal period); Fed.R. App.Proc. 4(b)(Defendant has fourteen days from judgment to file appeal). Since Petitioner did not file her motion until July 23, 2020, it is untimely on its face under Section 2255(f)(1).

Petitioner acknowledges that, absent any applicable tolling, her petition is untimely. [Doc. No. 44 at 6.] Petitioner argues that she is entitled to tolling pursuant to 28 U.S.C. §2255(f)(4) because through due diligence she could not have discovered facts supporting her claim any sooner. Alternatively, Petitioner argues she is entitled to equitable tolling under *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004) and *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).

A.  28 U.S.C. §2255(f)(4).

Petitioner argues the statute of limitations was tolled under Section 2255(f)(4) because the facts supporting her claim were undiscoverable until October 2019, when she befriended Ms. Montesanto and learned that she had a viable duress defense. [Doc. No. 44 at 13.] Petitioner argues she did not discover the "source of her injury" until she met someone who could "provide insight about the duress defense." [*Id.*] In making that

1  argument, Petitioner cites to *Hasan v. Galaza*, 254 F.3d 1150 (9th Cir. 2001).  However,
2  *Hasan* does not support Petitioner's argument and, in fact, eviscerates it.

3   The Ninth Circuit has distinguished discovered factual predicate from learned legal
4  significance in timeliness of habeas corpus petitions. In *Hasan v. Galaza*, 254 F.3d 1150
5  (9th Cir.2001), the court instructed, "[t]ime begins when the prisoner knows (or through
6  diligence could discover) the important facts, not when the prisoner recognizes their legal
7  significance." *Id*. at 1154 n. 3 (*quoting Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000)
8  (internal quotation marks omitted)). In *Hasan*, the court allowed tolling based on the
9  discovery of a romantic relationship between a juror and a key witness. *Hasan*, 254 F.3d
10 at 1154. The fact that the relationship existed caused the petitioner to believe his attorney
11 was ineffective in neglecting to investigate jury tampering. *Id*.

12   In contrast, the Seventh Circuit recognized, in *Owens*, a scenario where the
13 defendant merely discovered a legal significance, while the actual facts remained the
14 same. *See Owens*, 235 F.3d at 359–60. There, the defendant learned after his conviction
15 that his counsel did not raise his best possible affirmative defense to the alleged crime. *Id*.
16 at 359. The court found the defendant's newly discovered ineffectiveness was only the
17 recognition of legal significance and not the discovery of a new factual predicate. *Id*. at
18 359–60. Since the defendant did not actually discover new facts, the statute of limitations
19 was not tolled. *Id*. at 360.  *See also U.S.A. v. Li*, No. 5:09cr177-EJD-1, 2013 WL
20 6140860 at *3 (N. D. Cal. Nov. 21, 2013) (Section 2255(f)(4) tolling not applicable
21 where petitioner alleged only newly discovered legal significance, not facts).

22   Here, Petitioner has always known the <u>facts</u> of her duress claim, since she was the
23 one who experienced the alleged torture.  The possibility that Petitioner may not have
24 known the <u>legal significance</u> of these facts until October 2019 does not provide her with
25 tolling relief under Section 2255(f)(4).

26   B.  Equitable Tolling.
27   Plaintiff argues she is entitled to equitable tolling due to her alleged PTSD.  [Doc.
28 No. 44 at 14.]  "Equitable tolling applies when the plaintiff is prevented from asserting a

claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).  Here, there was no wrongful conduct by Respondent preventing Petitioner from filing her petition.  Petitioner acknowledges that her alleged PTSD was caused by events from her past and from the alleged torture that caused her to commit a crime.[1]  However, notwithstanding the alleged pre-existing PTSD, Petitioner was able to participate and cogently express herself in the underlying defense and sentencing proceedings. [*See* Doc. Nos. 38-1 and 39.] Therefore, Petitioner's alleged PTSD is not a mental disability of sufficient severity to permit equitable tolling.  *See Duarte v. Freeland*, No. C05-2780 MJJ, 2007 WL 2790591 (N. D. Cal., Sept. 24, 2007)(plaintiff who alleged post-traumatic stress as a result of assault by defendant but was able to cogently express himself in seeking redress was  not entitled to equitable tolling).

## CONCLUSION

For the reasons set forth above, the 2255 motion is untimely and is therefore **DISMISSED WITH PREJUDICE.**  Moreover, because the Court does not believe that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong it **DECLINES** to issue a Certificate of Appealability.  See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated:  December 4, 2020

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The "expert report" submitted by Petitioner has not been properly authenticated.  *See* Fed.R.Civ.P. 43(c).  Nevertheless, the Court will assume its authenticity for purposes of argument.